**John DILLARD, et al., Plaintiffs,**

v.

**TOWN OF CUBA, Defendant.**

**John DILLARD, et al., Plaintiffs,**

v.

**CITY OF WALDO, Defendant.**

Civ. A. Nos. 87–T–1194–N, 87–T–1307–N.

United States District Court, M.D. Alabama, N.D.

July 18, 1988.

James U. Blacksher, Larry Menefee, Edward Still, Reeves & Still, Birmingham, Ala., Julius L. Chambers, Scherlyn Ifill, NAACP Legal Defense Fund, New York City, for John Dillard, et al.

Don Siegelman, Alabama Atty. Gen., Susan Russ, Asst. Atty. Gen., Office of Atty. Gen., Montgomery, Ala., David Boyd, Balch & Bingham, Montgomery, Ala., William C.

---

**3.** The statute is limited to cases in which the suit involves the law of the forum.

Brewer, III, Livingston, Ala., for Town of Cuba.

O. Stanley Thornton, Wooten, Thornton, Carpenter, O'Brien & Lazenby, Talladega, Ala., Don Siegelman, Alabama Atty. Gen., Susan Russ, Asst. Atty. Gen., Office of Atty. Gen., David Boyd, Balch & Bingham, Montgomery, Ala., for City of Waldo.

## ORDER

MYRON H. THOMPSON, District Judge.

The issue before the court is whether two 'limited voting' schemes, suggested by the parties in settlement of these two class-action lawsuits, are acceptable under § 2 et seq. of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973 et seq.[1] The court concludes, for the following reasons, that they are.

## I.

The plaintiffs have brought these two lawsuits on behalf of all black citizens of Cuba and Waldo, two small Alabama towns. According to the 1980 census, Cuba has a total population of 486, of which approximately 15% are black, and Waldo has a total population of 231, of which approximately 38% are black.

The plaintiffs charge that the current, 'at-large' system used to elect each town's city council violates § 2. Under this system, a candidate must run at-large, or city-wide, with all voters in the city allowed to vote for the candidate. A candidate must also run for a 'numbered post' or separate place; that is, each position carries a separate number, and each candidate qualifies for a specific number and place, with each voter allowed to vote for only one candidate in each place. Finally, a candidate must receive a majority of votes cast in the primary to win the nomination of a political party. If no candidate receives a majority of votes, a run-off primary election is held.

The majority-vote requirement does not apply to general elections.

A violation of § 2 is established if official action was taken or maintained with a racially discriminatory "intent" or the action has racially discriminatory "results," determined according to certain Congressionally approved criteria. *McMillan v. Escambia County,* 748 F.2d 1037, 1046 (5th Cir.1984) (Former Fifth); *Dillard v. Baldwin County Board of Education,* 686 F.Supp. 1459, 1460 (M.D.Ala.1988). Early on in this litigation, Cuba and Waldo agreed with plaintiffs that the at-large system used to elect the two towns' city councils violates § 2 in both respects, and all parties agreed to limited voting as a remedy, under which each voter has fewer votes than there are seats to be filled. For Cuba, the proposed settlement provides that each elector is allowed to cast only *one* vote for all positions on the five-member city council. For Waldo, however, the settlement differs somewhat, in that each elector may cast *two* votes for the five-member city council, although the elector may not cast both votes for the same candidate, but may, if he or she chooses, cast only one of the allotted two votes. For both towns, the majority-vote and numbered-place requirements are abandoned.

After appropriate notice was given to the plaintiff classes in each case, Magistrate Charles S. Coody, the special master in this case, conducted a hearing on the proposed settlement for each town and recommended to this court that the settlements be approved and adopted.

## II.

Settlements are favored as a means of resolving class-action lawsuits. *See, e.g., Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir.1984); *Holmes v. Continental Can Co.,* 706 F.2d 1144, 1147 (11th Cir.1983). However, a district judge has a heavy obligation to ensure that any settlement is "fair, reasonable and adequate,"

---

1. These two lawsuits are two among many *Dillard* cases, now pending in this court, challenging the at-large election systems and various features of those systems used by many cities, counties and county school boards across Alabama. *See Dillard v. Baldwin County Board of Education,* 686 F.Supp. 1459 (M.D.Ala.1988) (discussing the evolution of these *Dillard* cases).

*Piambino v. Bailey,* 757 F.2d 1112, 1139 (11th Cir.1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986), and is not illegal or against public policy. *United States v. City of Alexandria,* 614 F.2d 1358, 1362 (5th Cir.1980).

■ Applying a concept known as "threshold of exclusion," that is, the percentage of the vote that will guarantee the winning of a seat even under the most unfavorable circumstances, the court agrees with the parties that the settlements here are fair, reasonable and adequate. *See Dillard v. Chilton County Board of Education,* 699 F.Supp. 870 (M.D.Ala.1988) (discussing and applying the concept of threshold of exclusion to determine whether a remedy is adequate to cure § 2 intent and results violations). Under the proposed limited voting system for Cuba, where each elector is allowed to cast only one vote, the threshold of exclusion for electing one candidate is 16.67% plus. Although the percentage of blacks in Cuba is less than this, the court is convinced that, under the totality of circumstances, the two percentages are sufficiently close to remedy the § 2 violations admitted by the parties. The court believes that the proposed limited voting system offers all black citizens of Cuba the potential to elect candidates of their choice, even in the face of substantial racially polarized voting, which apparently exists in the town. *See, e.g., id.*

Under the proposed limited voting scheme for Waldo, where each voter is allowed to cast two votes, the threshold of exclusion for electing two candidates is 33.34% plus.[2] Under the totality of circumstances, including the fact that Waldo has a black population of over 33.34%, the court is convinced that the proposed limited voting system cures the admitted § 2 violations. The court believes that, in spite of the substantial racially polarized voting which apparently exists there, the proposed settlement offers the black citizens of Waldo the potential to elect two candidates of their choice. *See, e.g., Dillard v. Chilton County Board of Education, supra.*

The court's conclusion that the limited voting schemes proposed here are fair, reasonable, and adequate is reinforced by two other significant factors. First, although given notice of the proposed settlements and an opportunity to object, none of the black citizens of Cuba and Waldo has objected. Second, the settlements have been proposed by plaintiffs' attorneys, who are well-respected practitioners in this area of the law. They have handled numerous suits of this type in Alabama and Florida and have published several articles on § 2. The court therefore gives substantial weight to their representation that the limited voting schemes represent fair and equitable resolutions of these two cases.

### III.

■ Finally, the limited voting schemes, as proposed by the parties, are not illegal or against public policy. This court has uncovered nothing in federal constitutional or statutory law that prohibits such schemes. The schemes are acceptable under § 2 and other federal law.[3]

**2.** It is apparent that the scheme for Waldo is intended to allow blacks the opportunity to elect *two* candidates of their choice. If the intent behind the scheme were to allow black voters the potential to elect only *one* candidate, the threshold of exclusion would be lower, 28.58%.

**3.** Indeed, limited voting is not an unusual remedy in these *Dillard* cases, and thus is becoming more commonplace in Alabama. The court has already approved settlements incorporating limited voting, where an elector may cast only one vote, for the nine towns named in the following cases: *Dillard v. Town of Ariton,* Civil Action No. 87–T–1153–N; *Dillard v. City of Dora,* Civil Action No. 87–T–1199–N; *Dillard v. Town of Goshen,* Civil Action No. 87–T–1221–N; *Dillard v. Town of Loachapoka,* Civil Action No. 87–T–1248–N; *Dillard v. Town of Pine Apple,* Civil Action No. 87–T–1279–N; *Dillard v. Town of Rutledge,* Civil Action No. 87–T–1289–N; *Dillard v. Town of Toxey,* Civil Action No. 87–T–1302–N; *Dillard v. Town of Waverly,* Civil Action No. 87–T–1310–N; *Dillard v. Town of Webb,* Civil Action No. 87–T–1311–N. And the court has before it proposed settlements incorporating the same voting scheme for the four towns named in the following cases: *Dillard v. Town of Heath,* Civil Action No. 87–T–1232–N; *Dillard v. Town of Pennington,* Civil Action No. 87–T–1273–N; *Dillard v. Town of Pickensville,* Civil Action No. 87–T–1275–N; and *Dillard v. Town of Providence,* Civil Action No. 87–T–1281–N.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the recommendations of the United States Magistrate, that the parties' settlement proposals of limited voting schemes for defendants Town of Cuba and Town of Waldo be approved, be and they are hereby adopted; and

(2) That the settlement proposals of the parties be and they are hereby approved.

Also, the court has already approved settlements incorporating limited voting, where each elector has two votes, for the two towns named in *Dillard v. Town of Madrid,* Civil Action No. 87–T–1253–N, and *Dillard v. Town of Silas,* Civil Action No. 87–T–1291–N; and the court has before it proposed settlements incorporating the same voting scheme for the four towns named in the following cases: *Dillard v. Town of Faunsdale,* Civil Action No. 87–T–1205–N; *Dillard v. Town of Fulton,* Civil Action No. 87–T–1216–N; *Dillard v. Town of Lowndesboro,* Civil Action No. 87–T–1250–N; and *Dillard v. Town of Orrville,* Civil Action No. 87–T–1270–N.